**Anna A. MORGENWECK, Executrix under the Will of Margaret Fredenburg, Plaintiff,**

v.

**John W. LEAHY, Defendant.**

**No. 75, Docket 31397.**

United States Court of Appeals
Second Circuit.

Argued Sept. 22, 1967.

Decided Oct. 24, 1967.

William A. Phillips, Hirschberg, Pettengill & Strong, Greenwich, Conn., Donald F. Flynn, New York City, for appellant.

Arnold J. Bai, Elaine S. Amendola, L. Douglas Shrader, Bridgeport, Conn., for appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

In this negligence action founded upon diversity jurisdiction a jury returned a verdict for the defendant. Prior to the entry of judgment thereon plaintiff-executrix timely moved to have the verdict set aside and for a new trial. The trial judge considered the motion for over six weeks and then denied it. We affirm this disposition. The judge properly exercised his discretion.

The action arose from the circumstance that plaintiff's decedent, Margaret Fredenburg, received serious personal injuries, injuries from which she later died, when a gas explosion and fire occurred in her home. The defendant was in the business of selling metered liquefied petroleum gas, and sold such gas to her. Two or three days before the explosion an employee of defendant changed the gas meter at the Fredenburg home, and the plaintiff set forth in her complaint and claimed at trial that the explosion was caused by the actionable negligence of the defendant or his agents or employee.

The case was well tried, consuming four full trial days. The court charged the jury on the fifth day, correctly instructing the jurors that they were to decide the following questions:

1. Were John W. Leahy, his agents or employee negligent?

2. If the defendant was negligent, was his negligence a proximate cause of the explosion and the deceased Margaret Fredenburg's injuries?

3. Was the deceased Margaret Fredenburg contributorily negligent?

After but two hours of deliberation the jury returned with its verdict for the defendant. The only question before us is whether the judge abused his discretion in failing to set this verdict aside as contrary to the evidence or to the weight of the evidence. Obviously he gave the motion conscientious study and his resolution of it should not be disturbed.

Judgment affirmed.